# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE LAWSON,<br><br>    Plaintiff,<br><br>    v.<br><br>ALVARADO, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01706-BAM (PC)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED AS DUPLICATIVE<br><br>(ECF No. 1)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Ronnie Lawson ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff initiated this action on October 11, 2016. (ECF No. 1.) Plaintiff consented to the jurisdiction of a United States Magistrate Judge. (ECF No. 3.) Plaintiff's complaint is currently before the Court for screening.

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C.

1

§ 1915(e)(2)(B)(ii).

<u>Bivens</u> actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under <u>Bivens</u>." <u>Van Strum v. Lawn</u>, 940 F.2d 406, 409 (9th Cir. 1991). Under <u>Bivens</u>, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. <u>See</u> <u>Bivens</u>, 403 U.S. at 397. To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.

**II.     Plaintiff's Allegations**

Plaintiff is currently incarcerated at United States Penitentiary Lewisburg in Lewisburg, Pennsylvania. The events in the complaint are alleged to have occurred while Plaintiff was incarcerated at United States Penitentiary Atwater in Atwater, California. Plaintiff names the following defendants: Officer Alvarado and Lieutenant Lepe. Plaintiff alleges the following:

On Tuesday, August 27, 2013, Plaintiff was placed into cell #128 with Inmate Ramon Brown #87775-020, after Defendant Lepe approved the move. Plaintiff had a brief conversation with Inmate Brown about Inmate Brown's "sexual behavior," after which Plaintiff attempted to get Defendant Lepe's attention to ask to be removed back to a hard-cell. Defendant Lepe was "no more than ten feet away" and stated to Plaintiff that he would return at the end of the day, but Defendant Lepe never returned. Later, Plaintiff asked Defendant Alvarado to be returned to the hard-cell, and Defendant Alvarado responded that they had just placed an inmate inside that cell.

On Wednesday, August 28, 2013, Plaintiff attempted to sign up for recreation to get out of the cell with Inmate Brown. Plaintiff was told that if both he and Inmate Brown did not come out of the cell, neither would. Later that day, Plaintiff was threatened and repeatedly asked for sex by his cell-mate. After Plaintiff refused a couple of times, his cell-mate became angry and stated, "if I don't get no ass, me and you goin be bouncin all around this cell." After seeing the serious look on his face, Plaintiff did what he was told and laid flat on his stomach on the bottom bunk. Inmate Brown then sexually assaulted Plaintiff, leaving him in pain for days. On Friday, August 30, 2013, Inmate Brown had sex with Plaintiff twice more.

///

2

Plaintiff seeks relief in the form of monetary damages of $1,000,000.00, an out of court settlement, or a trial by jury.

Plaintiff further notes, "I, plaintiff Ronnie Lawson is resubmitting action against the above defendants in a seperate U.S. Court room for trial & justice, due to injustice from a U.S. District Court in Fresno, California / Eastern District." Plaintiff cites to Case No. 1:15-cv-00576-EPG.[1]

### III. Prior Proceeding

On April 11, 2014, Plaintiff filed Lawson v. Dept. of Justice, et al., No. 1:14-cv-00576-EPG ("Lawson I").[2] In Plaintiff's complaint, he alleged that he was raped a total of three times by a prisoner/cellmate (#87775-20) at U.S.P. Atwater, once on August 28, 2013, and twice more on August 30, 2013. (Lawson I, Compl., Docket No. 1.) On September 25, 2014, the Court dismissed the complaint with leave to amend. (Lawson I, Order Dismissing Compl. & Granting Pl. Leave to File an Am. Compl., Docket No. 13.) Plaintiff filed a first amended complaint on October 6, 2014. (Lawson I, First Am. Compl., Docket No. 14.) On November 2, 2015, the Court found that, "Construed liberally in favor of Plaintiff, these allegations raise a colorable issue whether Officer Alvarado and Lieutenant Lepe acted with deliberate indifference, exposing Plaintiff to a serious risk of rape, which then took place." (Lawson I, Order Finding Cognizable Claims, Docket No. 16.)

Plaintiff then filed a notice indicating his willingness to proceed on the claims found cognizable by the Court, but later had a "change of heart" and filed a second amended complaint, which was lodged on May 13, 2016. (See Lawson I, Resp. to Screening Order & Second Am. Compl., Docket Nos. 23, 25.)

On June 6, 2016, Plaintiff submitted a third amended complaint without leave of the Court. (Lawson I, Third Am. Compl., Docket No. 33.) Plaintiff named as defendants: Lieutenant Bolt, Lieutenant Putnam, Officer Moles, Lieutenant Lepe, Officer Alvarado, and Dr. Podesta, and again alleged that on Wednesday, August 28, 2013, he was raped by Inmate Brown in cell #128.

---

[1] Plaintiff has filed no cases in the Eastern District of California under this case number.

[2] The Court takes judicial notice of the files in case filed Lawson v. Dept. of Justice, et al., No. 1:14-cv-00576-EPG. Fed. R. Evid. 201.

3

(Id.) The remainder of the complaint described in detail encounters with other inmates and staff members that do not appear to be related to a specific claim against a prison official and do not concern Inmate Brown. (See id.) The Court dismissed the third amended complaint with prejudice, finding that Plaintiff failed to state a cognizable claim in his third amended complaint and declining to grant additional leave to amend his complaint. (Lawson I, Order Dismissing Case with Prejudice for Failure to State a Claim, Docket No. 37.)

Plaintiff appealed the dismissal to the Ninth Circuit Court of Appeals, and that appeal is still pending. Lawson v. Alvarado, et al., No. 16-16825 (9th Cir., appeal docketed Oct. 11, 2016).[3]

## IV. Discussion

Duplicative lawsuits filed by a plaintiff proceeding in forma pauperis are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). See, e.g., Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); McWilliams v. State of Colo., 121 F.3d 573, 574 (10th Cir. 1997); Pittman v. Moore, 980 F.2d 994, 994–95 (5th Cir. 1993); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988). An in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. Cato, 70 F.3d at 1105 n.2; Bailey, 846 F.2d at 1021. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation." Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688, 692–94 (9th Cir. 2007), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).

To assess whether a claim is duplicative, courts use the test for claim preclusion. "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Adams, 487 F.3d at 689 (citations omitted). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same

---

[3] This Court takes judicial notice of the files in that case on appeal. Fed. R. Evid. 201. The Ninth Circuit Docket indicates that briefing has been completed in that case, and it awaits submission.

4

defendant." Id. at 688 (internal quotations and citations omitted).

On October 11, 2016, the same day that his appeal in Lawson I was docketed with the Ninth Circuit, Plaintiff filed the current case, naming as defendants Officer Alvarado and Lieutenant Lepe. As described above, Plaintiff alleges that he was raped by his cell-mate Ramon Brown on August 28, 2013, and on August 30, 2013. Plaintiff seeks monetary damages. (ECF No. 1.)

In both Lawson I and the current case, Plaintiff raises the same claim, arising out of the same events, involving the same parties, and infringing upon the same right. To the extent that Plaintiff pleaded additional facts in this action, he had the opportunity to include those facts in either his complaint or the three amended complaints filed in Lawson I. Therefore, the Court finds that this case is duplicative of Plaintiff's prior current pending case because the claims, parties, and requested relief do not significantly differ between the two actions.

### V. Conclusion and Order

For the reasons stated, it is HEREBY ORDERED that Plaintiff show cause why this action should not be dismissed as duplicative within twenty-one (21) days of the date of service of this order. **Failure to comply with this order will result in dismissal of this action as duplicative, with prejudice.**

IT IS SO ORDERED.

Dated: **April 14, 2017**          /s/ *Barbara A. McAuliffe*
                                                                              UNITED STATES MAGISTRATE JUDGE